FRANK PELHAM *v.* STEAMBOAT MESSENGER, CAPTAIN AND OWNERS.

Under the Act of 1840, the mere fact of a slave being found on board of a boat without a written per-
mission creates a presumption against the owners of the boat, that such slave was received with
the intention of depriving his master of him or of transporting him out of the State, or from one
part of the State to another ; and this presumption cannot be destroyed but on testimony of at least
two witnesses not employed on board such vessel, and on corroborating circumstances.

The requirement in this statute of 1840, that the witnesses called to rebut the presumption must be
such as are not employed on the vessel, refers to the time when they are called to testify. The fact
that they have at a period past been employed on the vessel, will be no objection to their testimony
if it be shown that at the time they were summoned to give their testimony they were *bona fide*
engaged in some other employment.

The exclusion of the citizen from giving evidence is somewhat opposed to natural right, and ought not
to be extended beyond the letter of the law.

APPEAL from the Fourth District Court of New Orleans, *Price,* J.
B. *Eagan,* for plaintiff and appellant. *Lea & Marr,* for defendant.

MERRICK, C. J.   This suit is brought to recover $1300, the value, and $500,
the penalty, under the Act of 1840, for the loss of a slave named *Baptiste.*

Plaintiff alleges that defendants " received and permitted to come on board
said steamboat at this port, on or about the 11th of August, 1858, without the
consent or permission of your petitioner, his slave boy, *Baptiste,* aged about 25
years "; that said steamboat was bound on a voyage to Memphis (Tenn.), and
left New Orleans with the slave on board ; that " said slave was found on board,
and was lost or drowned from said steamboat while in the performance of said
voyage."

The defence to the action is, that the slave was hired to the boat, and was
drowned, without any fault of the officers of the boat.

Judgment was rendered for defendants, and plaintiff appeals.

The proof in the record is ample, that the slave with another was hired by the
plaintiff himself to the steamboat.

But two of the witnesses who prove the hiring were employed on the boat
when the slave was hired, but left the same before he was lost overboard, and
were engaged in business elsewhere when their depositions were taken.

The Act of 1840 makes the mere fact of the slave being found on board with-
out a written permission, a presumption against the owners of the boat, that
such slave was received with the intention of depriving his master of him or of
transporting him out of the State, or from one part of the State to another. It
then declares, "And this presumption of law shall not be destroyed but on testi-
mony of at least two witnesses not employed on board said vessel, and on corro-
borating circumstances."

· Under this clause, the plaintiff, who reserved his bill of exception in the lower
court, makes the point, that the witnesses were incompetent, because they were
employed on the boat when the slave was received on board, and that their
incompetency is absolute.

The absence of the witnesses from the city was sufficiently proved.

It will be observed, that the statute is speaking of the competency of *witnesses,*
and we think it has reference to the time when they are called, or their testimony
is taken as such. The exclusion of the citizen from giving evidence is some-

PELHAM
v.
SHT. MESSENGER.

what against natural right, and ought not to be extended beyond the letter of the law.

If the witnesses be engaged *bona fide* in other employments when they are summoned or give testimony, as is proved in this case, we think they ought not to be deemed incompetent.

It is not important to consider the bill of exception taken to *Edward J. Baker's* testimony. His evidence can be disregarded without prejudice to plaintiff's case.

Judgment affirmed.